**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br><br>          Plaintiff,<br>vs.<br><br>State of Arizona, et al.,<br><br>          Defendants. | No. CV-20-02004-PHX-SPL<br><br>**ORDER** |

      Before the Court is Defendants' State of Arizona, James P. Beene, Robert M. Brutinel, William G. Montgomery, John R. Lopez, IV, Kent E. Cattani, David B. Gass, David D. Weinzweig, Douglas Gerlach, and David W. Garbarino ("State Defendants") Motion to Dismiss (Doc. 31), as well as Defendant Reagan's[1] Motion to Dismiss (Doc. 48). Having considered the briefing (Docs. 50, 51, & 56),[2] the Motions will be granted.

---

[1] The Court is unclear as to whether this Defendant is Michael Reagan, a male, or Michele Reagan, a female. In Defendant Reagan's Motion to Extend (Doc. 60), counsel refers to her client as Michele Reagan and indicates that, as a direct critique of Plaintiff's assertions and the docket, "[t]he name of the judge presiding over the case that Plaintiff complains of is Michele Reagan." (Doc. 60 at 2 n.1). However, in her subsequent Reply, counsel refers to her client as Michael Reagan and indicates that "Michael Reagan is the appropriate Defendant as noted by Plaintiff in the Complaint and in his Response." (Doc. 63 at 1). Because the Court is unclear, the Court will simply refer to this Defendant as Defendant Reagan.

[2] The Court is also in receipt of Defendant Reagan's Motion to Extend Time to File his/her Reply in Support of his/her Motion to Dismiss (Doc. 60) and late-filed lodged proposed Reply (Doc. 63). Because the Court finds that the motions to dismiss are fit for decision without the reply, the Court will deny the extension as moot.

## I. BACKGROUND

This case arises from a proceeding in state justice court in which the Gainey Ranch Community Association ("GRCA") alleged that Plaintiff owed monthly assessments. (Doc. 1 at 3-5). The GRCA filed a breach of contract action against Plaintiff in August of 2015, and following a jury trial the action was dismissed without prejudice on January 4, 2017. (Doc. 1 at 5). The GRCA filed a motion to transfer venue to the Maricopa County Superior Court when the fees in the action exceeded the justice court's jurisdictional limitation of ten thousand dollars. (Doc. 31 at 3). Plaintiff maintains that the Maricopa County Superior Court did not have jurisdiction over the matter after it had been dismissed by the justice court. (Doc. 1 at 12). The Superior Court disagreed, and default judgment was entered against Plaintiff. (Doc. 31 at 3). Plaintiff's appeals to the Court of Appeals, Division One and the Arizona Supreme Court were also unsuccessful. (Doc. 1 at 13).

Plaintiff subsequently filed the instant civil suit against the judges and justices who presided over the original lawsuit against him. (Doc. 1). Plaintiff alleges these judges lacked jurisdiction over all proceedings, and thus were engaged in a "fraudulent scheme" to cover up the corruption in the Arizona Court System. As a result, Plaintiff maintains that these officials deprived him of his rights guaranteed under the U.S. Constitution, 42 U.S.C. § 1981, and § 1982 and he is thus entitled to relief. (Doc. 1 at 2).

On March 31, 2021, State Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. (Doc. 31). Similarly, on May 25, 2021 Defendant Reagan filed a Motion to Dismiss for Failure to State a Claim. (Doc. 40).

## II. LEGAL STANDARDS

A complaint may be challenged under Rule 12(b)(1), lack of subject-matter jurisdiction, based on either facial or factual grounds. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. In analyzing a facial challenge, the court assumes that the allegations are true and draws all reasonable inferences in the plaintiff's favor. *Wolfe v. Strankman*, 392

F.3d 358, 362 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Rule 12(b)(6), failure to state a claim upon which relief can be granted, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### III. DISCUSSION[3]

State Defendants argue that Plaintiff lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine and the Eleventh Amendment. (Doc. 31 6-8). Defendant Reagan argues that Plaintiff failed to state a claim as the judges and justices are protected by judicial immunity. (Doc. 48 2-5). Plaintiff argues that this Court does have subject matter jurisdiction over this matter, and that the judges and justices are not protected by judicial immunity because they did not have jurisdiction over his previous lawsuit. (Doc. 50).

#### A. Subject Matter Jurisdiction

State Defendants assert that this Court lacks subject matter jurisdiction over Plaintiff's claim under the *Rooker-Feldman* doctrine. (Doc. 31 6-7). Under the *Rooker-*

---

[3] As an initial matter, the Court is in receipt of Plaintiff's Motion to Strike in which he argues that this Court cannot consider the documents from the underlying state court case which State Defendants attach to their Motion to Dismiss (Docs. 32, 31-2, 31-3, 31-3, 31-4, & 31-5). However, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation omitted); Fed. R. Evid. 201. Accordingly, the Court will take judicial notice of the existence of those documents, and the Motion to Strike will be denied.

*Feldman* Doctrine, a losing plaintiff in state court may not bring a suit in federal district court asserting erroneous state court rulings as legal wrongs and seeking to vacate the judgment of that court. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). Such a federal action is considered a *de facto* appeal and is forbidden. *Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) (holding that framing a federal complaint as a constitutional challenge to a state court's decision was a *de facto* appeal and thus barred).

Plaintiff seeks to vacate the default judgment of the state court and to declare the judgment void. Plaintiff's request amounts to a *de facto* appeal and is barred by the *Rooker-Feldman* doctrine. It is immaterial that Plaintiff alleges the state court judges acted without jurisdiction because "allegations that the state court lacked jurisdiction do not preclude application of the *Rooker-Feldman* doctrine." *Thomas v. Zelon*, No. CV 16-6544 JAK (AJW), 2017 WL 6017343, at *7 (C.D. Cal. Jan. 17, 2017) (citing *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1041-43 (9th Cir. 2001) (holding that a complaint for declaratory and injunctive relief alleging that the state court lacked jurisdiction to terminate the plaintiff's parental rights and approve her child's adoption was "within the traditional boundaries of the *Rooker-Feldman* doctrine" and was a *de facto* appeal of a state court judgment); *Fletcher v. Gilbert*, 262 Fed. Appx. 791, 791 (9th Cir. 2007) (rejecting the argument that the *Rooker-Feldman* doctrine did not apply because the state court lacked subject matter jurisdiction and rendered a void judgment); *Safouane v. Fleck*, 226 Fed. Appx. 753, 758 (9th Cir. 2007) (rejecting argument that the *Rooker-Feldman* doctrine should not apply because the state court proceedings were "a legal nullity and void" and holding that *Rooker-Feldman* precluded an action in federal court seeking a declaratory judgment that all state court orders and judgments against the plaintiffs were void).

It is also immaterial that Plaintiff frames his jurisdictional argument as an allegation of fraud, asserting that "Defendants committed extrinsic fraud upon the court." (Doc. 50 at 15). It is true that the *Rooker-Feldman* doctrine does not apply when a plaintiff alleges that *an adverse party* in a state court proceeding committed extrinsic fraud that caused the state court to rule for that adverse party. *See Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1141

4

(9th Cir. 2004). But the adverse party in the underlying state court proceedings here was the GRCA, not the state court and justice court judges who acted in the case. "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). To make out a claim for extrinsic fraud, therefore, a plaintiff must "not alleg[] a legal error by the state court; rather, he or she [must allege] a wrongful act by the adverse party." *Id.*; *see also Lewis v. L.A. Metro. Transit Auth.*, No. CV-19-1456-PSG-JPR-X, 2019 WL 6448944, at *3 (C.D. Cal. Sept. 10, 2019) ("While *Rooker-Feldman bars allegations that a state court erred*, it does not bar jurisdiction where an adverse party acted illegally. . . . A plaintiff successfully alleges extrinsic fraud when he details how an adverse party, *rather than a court*, committed 'an allegedly illegal act or omission' that prevented him from presenting his claim.") (emphasis added) (citing *Noel*, 341 F.3d at 1164). Here, Plaintiff merely alleges a wrong by the state court judges—that they acted without jurisdiction. Such a claim is barred by *Rooker-Feldman*. Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiff's claims in this case.

**B. Judicial Immunity**

Both State Defendants and Defendant Reagan argue that judicial immunity bars Plaintiff's claim against them. (Docs. 31, 48). Plaintiff counters that these Arizona state judges and justices lacked jurisdiction over the original lawsuit against him. (Doc. 50).

Judges are immune from civil liability for judicial actions taken within the jurisdiction of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). A "judicial" act is one that is normally performed by a judge and taken in the capacity of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The Supreme Court has held that judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Ashelman*, 793 F.2d 1072, 1078 (holding that a conspiracy between a judge and a prosecutor was clearly improper but was still protected from civil action by judicial immunity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."

*Stump*, 435 U.S. at 356–57. Judicial immunity is only inapplicable when the actions of judges occur in the "complete absence of all jurisdiction." *Id*.

Plaintiff's complaint states that the actions which entitle him to relief are the various decisions and rulings made by the Arizona state judges and justices. (Doc. 1 at 3). Making rulings and judgments on cases are clearly functions normally performed by judges. *See Stump*, 435 U.S. at 362 (holding that whether an act is a function normally performed by a judge is the first of two factors used to determine if an act is a "judicial" one). It is also clear that these officials were acting in the capacity of their official duties when they made these rulings, as the cases were before their court at the time of their decisions. (Docs. 31-2, 31-3, 31-3, 31-4, and 31-5). Plaintiff does not contest any of this in his Response to the Motion to Dismiss. (Doc. 50).

Instead, Plaintiff argues that Defendants are not protected by judicial immunity because they acted without jurisdiction. (Doc. 50). Specifically, Plaintiff argues that these judges lost jurisdiction once Plaintiff was dismissed as a defendant without prejudice in justice court. However, "[a]n order of dismissal without prejudice is not a final determination of the controversy on its merits, and is no bar to the prosecution of another suit timely commenced, founded upon the same cause of action." *State ex rel. Hess v. Boehringer*, 16 Ariz. 48, 51 (1914); *see also Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 600, ¶ 7 (App. 2016) (acknowledging that dismissal without prejudice "is not a final judgment because the plaintiff can refile the action"). Because the dismissal was without prejudice, even after the justice court dismissed the case against Plaintiff GRCA remained free to amend its complaint to reassert claims against Plaintiff. Neither the justice court, nor the superior court, acted without jurisdiction in this case. Their actions are therefore protected by judicial immunity.

Because this Court finds grounds for dismissal of Plaintiff's claims under *Rooker-Feldman* and judicial immunity, the Court need not address State Defendants' remaining arguments. The case will be dismissed.

**IT IS THEREFORE ORDERED** that State Defendants' Motion to Dismiss

(Doc. 31) and Defendant Reagan's Motion to Dismiss (Doc. 48) are **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed with prejudice**. The Clerk of Court shall terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 40) is **denied** for reasons stated in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 47) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant Reagan's Motion to Extend (Doc. 60) is **denied as moot**.

Dated this 28th day of June, 2021.

Honorable Steven P. Logan
United States District Judge